**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00072-KDB-DCK**

| | |
|---|---|
| **ESSEX PARTS SERVICES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AP RACING, LTD. AND BREMBO, NV,**<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motions to Alter Judgment (Doc. No. 35) and to Amend/Correct (Doc. No. 37). The Court has carefully considered these motions, and the parties' briefs in support and in opposition. For the reasons discussed below, the Court will **DENY** the motions.

## I. LEGAL STANDARD

Rule 59(e) permits a party to move to alter or amend a judgment, if filed within 28 days. *Daulatzai v. Maryland*, 97 F.4th 166, 177–78 (4th Cir. 2024); Fed. R. Civ. P. 59(e). The rule was designed to ensure that a district court could "rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Rule 59(e) is generally invoked "only to support reconsideration of matters properly encompassed in a decision on the merits." *White,* 455 U.S. at 451. The standard is broad: a court may revisit its ruling on "virtually any basis" suggesting error, *Daulatzai,* 97 F.4th at 178, though "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020). *See also Pac. Ins. Co. v. Am. Nat. Fire Ins.*

*Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (explaining that Rule 59(e) motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."). As the Fourth Circuit has recently explained, the "fundamental principle of finality of judgments" ensures that case law develops "without unwarranted disruption" and that parties can "carry on after the adjudication of a legal dispute." *Golden Corral Corp. v. Illinois Union Ins. Co.*, 182 F.4th 326, 328 (4th Cir. 2026).

When a case has been dismissed with a final judgment, "there is no pending complaint to amend." *Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 540 (4th Cir. 2013). Accordingly, "a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated." *Id.* at 539 (additional citations omitted). And this may be accomplished either by the authority of Rule 59(e) or Rule 60(b). *Daulatzai,* 97 F.4th at 178 (additional citation omitted). When the motion to vacate is made under Rule 59(e), "the broad standard for allowing a court to grant the motion allows the court simply to turn to the standard applicable to the motion to amend." *Id.* at 178–79 (citing *Laber v. Harvey*, 438 F.3d 404, 427–28 (4th Cir. 2006)). *See also Katyle v. Penn Nat. Gaming, Inc*., 637 F.3d 462, 471 (4th Cir. 2011) (Under Rule 59(e), the district court need only "ask whether the amendment should be granted," just as it would under a Rule 15(a) motion).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This "liberal rule" reflects the federal policy favoring resolution on the merits. *Laber*, 438 F.3d at 426. Leave should be denied only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the

amendment would have been futile." *Id*. (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (additional citation omitted).

## II. FACTS AND PROCEDURAL HISTORY

The relevant facts and procedural history are well documented in the Court's Order granting Defendants' Motion to Dismiss. *See* Doc. No. 33. Therefore, they are summarized only briefly here. Plaintiff Essex Parts Services, Inc. ("Essex") is a North Carolina corporation that for years served as the exclusive United States reseller of certain AP Racing, Ltd. ("AP") performance brake products. Defendant AP is wholly owned by Defendant Brembo, NV ("Brembo").

Separately, Brembo entered into an exclusive distribution agreement with T.A.W. Performance, LLC ("TAW"), a company owned by Essex's principal, Richard Martin. That relationship collapsed amid disputes over gray-market products, resulting in litigation, TAW's Chapter 7 bankruptcy, and a nearly $1 million consent judgment in Brembo's favor that remains unpaid. Essex alleges Brembo improperly used the TAW dispute to pressure Essex during renewal negotiations with AP by requiring substantially higher annual purchase minimums. Although Martin briefly signed a proposed renewal, AP never signed the renewal, and Martin then revoked his signature. In January 2026, Essex filed the present action alleging tortious interference with prospective contract and violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). In February 2026, Essex filed an Amended Complaint. Doc. No. 2.

On June 2, 2026, the Court dismissed the Amended Complaint and entered judgment in favor of Defendants. Doc. Nos. 33, 34. Essex then filed motions to alter the judgment and to amend the complaint. *See* Doc. Nos. 35, 37. The proposed Second Amended Complaint ("SAC") drops AP as a defendant, but asserts three claims against Brembo: (1) tortious interference with

prospective economic advantage;[1] (2) a new tortious interference with contract claim related to the 2022 Agreement; and (3) UDTPA violations, based on the same underlying facts as the Amended Complaint. Defendants have filed their opposition to the motions, and the matter is ripe for this Court's ruling .

## III. DISCUSSION

Brembo contends that Essex's Motion to Amend is futile and the product of bad faith. For the reasons discussed below, the Court agrees that the Motion is the product of bad faith (so it need not reach the issue of futility).

Although "delay alone" is not a sufficient basis to deny leave to amend, *Laber,* 438 F.3d at 427, it is often evidence that goes to prove bad faith …." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022). And courts, including the Fourth Circuit, recognize that "the post-judgment climate is a major factor in the consideration of the other factors relevant to the inquiry, most especially those of bad faith … to the opposing party." *Logar v. W. Virginia Univ. Bd. of Governors*, No. CIV.A. 1:10CV201, 2012 WL 243692, at *4 (N.D.W. Va. Jan. 25, 2012), *aff'd,* 493 F. App'x 460 (4th Cir. 2012) (first citing *Laber,* 438 F.3d at 427; and then citing *Adams v. Gould,* 739 F.2d 858, 864 (3d Cir. 1984)). Indeed, both *Laber* and *Adams* recognize that the Rule 15(a) factors—prejudice, bad faith, and futility—are necessarily impacted by whether judgment has already been entered when leave to amend is sought. *See id.*

[1] Although titled differently, a tortious interference with prospective economic advantage claim requires the same analysis as a claim for interference with prospective contractual relations (which was asserted in the Amended Complaint). *Compare Nance v. Ingram, No.* 7:14-CV-9-FL, 2015 WL 5719590, at *8 (E.D.N.C. Sept. 29, 2015) *with Exclusive Jets, LLC v. A1 Aviation, LLC,* No. 4:22-CV-151-FL, 2024 WL 962306, at *6 (E.D.N.C. Jan. 5, 2024)*, reconsideration denied,* No. 4:22-CV-151-FL, 2025 WL 1947924 (E.D.N.C. July 15, 2025).

Bad faith is a "difficult term to define;" its presence depends on the particular facts and circumstances of the case. *Nicholson,* 42 F.4th at 198–99. Even so, bad faith, standing alone, warrants denial of leave to amend. *See United States v. Veterans Guardian VA Claim Consulting, LLC,* No. 1:20CV784, 2025 WL 2161969, at *12 (M.D.N.C. Feb. 25, 2025), *report and recommendation adopted as modified sub nom. United States ex rel. Carico v. Veterans Guardian VA Claim Consulting, LLC,* No. 1:20-CV-784, 2025 WL 2588895 (M.D.N.C. Sept. 8, 2025) (quoting *Johnson,* 785 F.2d at 509) ("Even absent futility, the Court may deny leave to amend when 'there has been bad faith on the part of the moving party.'"). It may be found "when the plaintiff withheld facts known at the time of the original complaint for an extended period 'without satisfactory explanation,' changed substantive facts from one filing to the next to avoid dismissal, or insisted on pursuing claims the plaintiff knew were unsupported by law." *Schweisthal v. Bluestar Resort & Golf, LLC*, No. 5:24-CV-00081, 2025 WL 627237, at *3 (W.D. Va. Feb. 26, 2025) (quoting *Nicholson*, 42 F.4th at 199).

Bad faith likewise "includes seeking to amend a complaint for an improper purpose." *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127 (E.D. Va. 2017) (citing *Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014)) (finding bad faith where a plaintiff sought to amend to "artificially inflate ... damages in order to obtain subject matter jurisdiction"). Further, a plaintiff may not "rely on one theory until the district court finds that theory unsound, then … return with another theory after unfavorable judgment is entered." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). *See also Hensley v. City of Charlotte,* No. 320CV00482KDBDSC, 2021 WL 4929491 (W.D.N.C. Oct. 21, 2021).

Where a plaintiff has "ample notice" of the grounds for dismissal, it "could have sought to amend … well before the court entered judgment," and its failure to do so supports denial. *Id.* at

468–69; *see In re NationsMart Corp. Sec. Litig.*, 130 F.3d 309, 323 (8th Cir. 1997) (affirming denial where plaintiffs waited until after dismissal to remedy "problems of which they were aware months before"); *Logar,* 2012 WL 243692, at *5–10 (denying motion to amend after case dismissed where the plaintiff was aware of the claims they sought to bring prior to initiating the litigation). And where the added claim was known to the plaintiff from the outset of litigation, the failure to seek leave earlier "strongly suggests either a lack of diligence … or a lack of sincerity." *Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir. 1986); *see Deasy v. Hill*, 833 F.2d 38, 40–41 (4th Cir. 1987) (amendment "should be made as soon as the necessity … becomes apparent").

In its proposed Second Amended Complaint ("SAC") Essex states that it removes AP as a defendant, adds a tortious interference with contract claim, refines the timeline of events, adds additional factual allegations about Brembo's malice, and otherwise clarifies its factual allegations. Doc. No. 38 at 7. However, the facts on which Essex rests its proposed SAC claims were known to Essex when it filed its original complaint and its Amended Complaint. Rule 15(a) exists to permit a party "to assert matters that were overlooked or were unknown … at the time [it] interposed the original complaint," 6 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1472 (3d ed. 2010). It does not, however, allow a plaintiff to simply repackage facts it possessed all along and strategically chose not to assert or that it regrets asserting after a judgment against it. That Essex obtained new counsel after dismissal does not alter whether the underlying facts were known from the outset.

Here, every event on which the proposed SAC relies—the TAW litigation and bankruptcy, the $350,000 "demand," the purchase-minimum negotiations, and the communications between Brembo and Martin—predates this lawsuit and was fully known to Essex from the time litigation

began. Essex therefore cannot (and does not) claim that the proposed SAC is based on newly discovered evidence or previously unavailable information.

Essex also could have sought amendment before the Court ruled on the motions to dismiss but elected not to do so. Brembo's and AP's motions and supporting briefs identified the deficiencies Essex now attempts to cure. Yet during the weeks between the filing of those motions, Essex's responses, and the Court's Order, Essex chose to defend the Amended Complaint rather than move to amend for a second time.

Following the Court's dismissal of its claims, Essex now proposes an amendment that removes a key factual assertion the Court relied upon in dismissing the complaint under Rule 12(b)(6). It now alleges that Brembo "had no motivation … other than malice." *Compare* Doc. No. 2 ¶ 50, *with* Doc. No. 37-1 ¶¶ 83, 93. However, Essex does not contend that the original allegation was mistaken or newly contradicted, nor does it identify any newly discovered evidence. Instead, the amendment appears only designed to re-plead around the Court's prior decision by omitting a previously pleaded fact that proved fatal to its claims. Rule 15 does not permit a litigant to withdraw inconvenient allegations merely because they undermined its claim.

Indeed, a previous litigation strategy that is unsuccessful is not a proper basis for amendment after judgment. Were it otherwise, an unsatisfied litigant could simply retain new counsel to reframe the same facts—or, as here, remove unfavorable ones—in an effort to obtain a different result. Such tactics would plainly undercut the important principle of finality in judgments.

Taken together, the Court concludes that Essex's reliance on facts known from the outset, its decision to withhold amendment until after an adverse ruling, and its manipulative pleading establish that the proposed SAC is offered in bad faith. Leave to amend will therefore be **DENIED**

under Rule 15(a), and because the Rule 15(a) inquiry is dispositive, Essex's Rule 59(e) motion to vacate the judgment will also be **DENIED**.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motions to Alter Judgment (Doc. No. 35) and to Amend/Correct (Doc. No. 37) are **DENIED;** and
2. The Clerk is directed to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 24, 2026

Kenneth D. Bell
United States District Judge